## T. E. GULLINGS v. FRANK BELLMORE.[1]

March 27, 1925.

No. 24,516.

**Question of negligence of defendant for jury.**

> Evidence considered and *held* to make a question for the jury as to whether the defendant was guilty of actionable negligence.

*Headnote. See Motor Vehicles, 28 Cyc. p. 49.

Action in the district court for Wilkin county. The case was tried before Flaherty, J., who granted defendant's motion for a directed verdict. Plaintiff appealed from an order denying his motion for a new trial. Reversed.

*Lewis E. Jones*, for appellant.

*W. E. Purcell* and *Schneller, Heder & Schneller*, for respondent.

QUINN, J.

Action to recover for wrongful death of plaintiff's minor child. At the close of the testimony, the trial court, upon motion, directed a verdict in favor of the defendant. From an order denying his motion for a new trial, the plaintiff appealed.

On October 18, 1923, the plaintiff, T. E. Gullings, resided with his wife and family on a farm in Wilkin county, this state. In his family were his two daughters, Sybil, aged ten years, and Carol, aged seven. The two girls attended school in a schoolhouse one mile east and one mile south of their home. They had a pony which

[1]Reported in 202 N. W. 828.

they rode to school each morning and back home after school. They rode astride, the older girl in front and the younger girl back of her. The pony had a foal or colt, about a month old, running loose by her side. On going to and from school, the girls passed the defendant's home, which was about a half mile north of the schoolhouse. Defendant had children, about the age of plaintiff's two girls, who attended the same school. The children were schoolmates and good friends.

On the day mentioned, plaintiff's girls went to school on their pony as usual. During the day they left the pony and colt in stalls at the schoolhouse. After school the pony seemed a little uneasy and the teacher went out and helped the girls onto the pony, and they started down the road toward home, the defendant's children walking along by the side of the pony, the older one resting her hand on the pony's neck. They were going north, the pony walking in the right-hand wheel track. At this time defendant, his wife and son, approached the children from the south, riding in a Ford car with the curtains on. The son was driving the car, which belonged to his older brother. They had been to market to obtain provisions for the home.

Sybil was the only eye-witness to the accident who was called by the plaintiff to testify. She testified, in effect, that, when defendant's car overtook them, the pony was walking in the right-hand wheel track and that the colt was in the same track, right ahead of the pony; that, when the car came up near to them, the pony acted foolish; that she could move the pony's head, but the pony would not get out of the track; that the car slowed up, when within a rod or two of them, and the defendants' children went back and got onto the foot boards; that the car started up, turned out and went by the pony; that the colt was then just ahead of the pony and the car went in between the pony and the colt, separating them; that, when the car went by, the pony got more excited, reared up on its hind feet and Carol and I fell off onto the ground; that Carol was under the pony; that the wheel of the car, as it went by the pony, passed within about a foot of us; that the colt was ahead of the car when we fell off; that Mr. Bellmore came back; that sister was

kneeling on the ground; that she said her stomach hurt; that Mr. Bellmore picked her up and carried her to the car and put her in Mrs. Bellmore's lap, and they took her home. Carol died within an hour after arriving home.

We are satisfied that Sybil was endeavoring to tell the story of the unfortunate accident as she saw and remembered it. The cross-examination of so young a child was very long, technical and severe. We have considered the testimony with care and are of the opinion that it made a question for the jury as to whether defendant was guilty of actionable negligence in allowing the car, in which he was riding, to be driven, as Sybil said it was, between the pony and her young colt, while under the charge of such young children. There should be a new trial.

Reversed.